1

2

3

4

5

6

7                         UNITED STATES DISTRICT COURT

8                       NORTHERN DISTRICT OF CALIFORNIA

9

10    THOMAS JEDRZEJCZYK,                    Case No. 21-cv-03450-RS

             Plaintiff,
11
                                             ORDER CONSOLIDATING CASES
12         v.                                AND APPOINTING LEAD PLAINTIFF

13    SKILLZ INC., et al.,

14           Defendants.

15          Originally, seven groups or individuals moved for consolidation of this and another action,

16   *Shultz v. Skillz*, No. 21-cv-04662, and appointment as Lead Plaintiff: (1) Kevin Mee; (2) Flora and

17   Xiaodong Wu; (3) Kyle Short; (4) Kristine Tonoyan;  (5) David Lewis; (6) Joseph Pekala and

     Andrew Timberlake; and (7) Thomas Jedrzejczyk, Sonny Chung, and Kenny Tinkelman,
18
     collectively known as the Skillz Investor Group. Subsequently, Kevin Mee filed a motion of non-
19
     opposition, and Kyle Short, Joseph Pekala and Andrew Timberlake, and Kristine Tonoyan
20
     withdrew their motions. This left Flora and Xiaodong Wu, David Lewis, and the Skillz Investor
21
     Group. Flora and Xiaodong Wu never filed an opposition to David Lewis's or the Skillz Investor
22
     Group's motion nor a reply in support of their motion. They also claim a lesser loss than David
23
     Lewis. Their motion is therefore denied, leaving only David Lewis and the Skillz Investor Group.
24
     On August 6, 2021, David Lewis filed a notice of non-opposition to the Skillz Investor Group's
25
     motion, seeking to serve as an additional plaintiff on the amended complaint with his counsel to
26
     serve as additional counsel. For the reasons set forth below, the Skillz Investor Group's unopposed
27

28

United States District Court
Northern District of California

1    motion is granted.[1]

2        The PSLRA requires courts to consolidate related actions before appointing a Lead

3    Plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(ii); *Alwazzan v. Staar Surgical Co*., 2020 WL 7872963,

4    at *4 (C.D. Cal. Oct. 29, 2020). Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is

5    appropriate where "actions before the court involve a common question of law or fact." *Shultz* and

6    *Jedrzejczyk* involve common questions of law and fact. They are, indeed, nearly identical. They

7    present the same factual and legal issues forming the same claims for the same class period against

8    the same defendants. The actions are, accordingly, hereby consolidated.

9        Next, the PSLRA directs courts to appoint the "most adequate plaintiff" to serve as Lead

10   Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). There exists a rebuttable presumption that the "most

11   adequate plaintiff" is the person or group of persons having the largest financial interest in the

12   relief sought who can otherwise make a *prima facie* showing of typicality and adequacy, as

13   required by Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re

14   Cavanaugh*, 306 F.3d 726, 730–31 (9th Cir. 2002). Though the Ninth Circuit has not endorsed a

15   specific method for calculating financial interest, courts apply accounting methods that are

16   "rational and consistently applied." *Cavanaugh*, 305 F.3d. at 730 n.4.

17       The Skillz Investor Group has shown it satisfies all the requirements. First, it has the

18   largest financial interest: its claimed loss of $418,631.85 is the largest of any movant. The Group

19   also satisfies the Rule 23 requirements of typicality and adequacy. The typicality requirement is

20   satisfied when the presumptive Lead Plaintiff and absent class members have suffered the same

21   injuries as a result of the same conduct by the defendants. *Hanon v Dataproducts Corp.*, 976 F.2d

22   497, 508 (9th Cir. 1992). Because all class members, including the members of the Skillz Investor

23   Group, suffered as a result of their purchase of Skillz stock at prices that are alleged to have been

24   artificially inflated, the typicality requirement is satisfied. Rule 23's adequacy requirement

25   contemplates two key questions: (1) Do conflicts exist within the class? and (2) Will plaintiff's

26

27   _____

     [1] The matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).

28

United States District Court
Northern District of California

counsel vigorously fulfill their duties to the class? *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). No conflicts appear to be brewing; indeed, the Skillz Investor Group and David Lewis appear to be committed to working together to the benefit of the class. The Skillz Investor Group is thus appointed Lead Plaintiff. David Lewis is permitted to join as an additional plaintiff in any amended complaint.

Finally, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). In light of the firms' significant experience litigating securities fraud actions, and their routine appointment as Lead Counsel by courts in this district, the Skillz Investor Group's selection of Lowey Dannenberg, P.C. as Lead Counsel and Schubert Jonckheer & Kolbe LLP as liaison counsel is approved. David Lewis's selection of Hagens Berman Sobol Shapiro LLP as additional counsel is also approved.

**IT IS SO ORDERED**.

Dated: August 9, 2021

RICHARD SEEBORG
Chief United States District Judge